## SUPREME COURT.

PETER G. Fox, executor, &c. of ARCHIBALD Fox, deceased
agt. LAWRENCE M. Fox.

Where an application for an *extra allowance* of costs under § 309 of the Code, has
been made after trial, and *denied*, on the ground that it was not a difficult *and*
extraordinary case; and after a *second trial* a like application is made, the first
order denying the application is no *bar* to the second application, where the
facts and circumstances on the second trial are *materially different* from those
on the first trial.

Where a case has been litigated on the trial on both sides, with unusual pertinacity,
by distinguished counsel, and occupying an unusually long period, without ap-
pearing to have been unnecessarily protracted—the examination of a large num-
ber of witnesses, and difficult questions of law and evidence, raised and discussed,
and the recovery of a large amount *in favor of the defendant*, it comes within
the plain meaning and intent of § 309 of the Code, in being both *difficult and
extraordinary*, and an extra allowance will be granted.

*Saratoga Special Term, July*, 1862.

MOTION by defendant for an extra allowance of costs,
under section 309 of the Code. The facts sufficiently appear
in the opinion of the court.

HENRY C. ADAMS, *for the motion.*
PHILO GRIDLEY, *opposed.*

BOCKES, Justice. Motion by the defendant for an extra
allowance of costs under section 309, Code.

The case has been twice tried. On the first trial the
defendant recovered, on the report of a referee, $2,123.71
damages, besides costs.

On appeal, the judgment was reversed and a new trial
ordered. The case was again tried before another referee,
who has reported in favor of the defendant, and against
the plaintiff, as executor, for $1,862.24. It is not denied
that the defendant is entitled to the ordinary taxable costs
against the plaintiff as executor, as a matter of course, with-
out motion or application to the court. (22 *How. Pr. R.*,
453; 14 *How. Pr. R.*, 481; 4 *Sandf.*, 719.) Nor is it de-

nied that a further or extra allowance for costs may be made by the court, in its discretion, in a case prosecuted by an executor or administrator, too, in which the defendant recovers.

But it is urged: *first*, that a similar motion in this case was denied, (22 *How. Pr. R.*, 453;) and *secondly*, that the case is not " difficult and extraordinary," within the provision of section 309.

After the first report in this action was delivered, an application was made to the court for an extra allowance; the motion was denied. The facts on which it was based, and its ultimate decision, will be found in the case cited, (22 *How.*, 453.) That decision would be conclusive of this motion, were this grounded on the same facts. But this motion is materially different from the former, as regards the facts on which the application is founded, in many important particulars. Since the former motion was made, the pleadings have been amended and new issues formed. Numerous motions and various proceedings have been made and taken, for which there is no adequate compensation prescribed by the fee bill. A second protracted trial has been had, and, as the papers show, an immense amount of labor has been performed, in the conduct of the cause, since the new trial was ordered. Indeed, in no aspect of the case can it be fairly or justly said, that this motion stands on the same footing as did the former one. Such former motion cannot, therefore, be interposed as a bar to this application.

*Secondly.* Is the case, as presented by the papers on this motion, " difficult and extraordinary," within the provision of section 309 ?

As a general rule the courts have inclined to a very liberal construction of these terms; in many instances a construction quite too liberal to accord with the plain purpose and intent of the statute. All the cases, I believe, assume to proceed on the ground that it was the intent of the legis-

lature to confer upon the court the power to give an additional sum as costs in difficult and extraordinary cases, when a trial has been had, as a compensation or indemnity for the performance of unusual duties and services in the conduct of the cause.

So it has been held that the term "difficult and extraordinary" should be deemed to apply to the nature of the action, and the mode of prosecution and defence, with a view of affording to the prevailing party compensation for extraordinary labor and unusual expense. In this view, the case before me is obviously both difficult and extraordinary.

Few cases have ever fallen under my observation in which so great an amount of labor has been performed as in this. The case has been litigated on both sides, with unusual pertinacity. Distinguished counsel were employed, who labored assiduously, and, as I must infer, from their high professional character, with no purpose to complicate or enhance in importance a simple and ordinary case.

The last trial occupied an unusually long period of time, nor is it suggested that it was unnecessarily protracted. Many witnesses were examined, and difficult questions of law and evidence were raised and discussed. The recovery is for a larger amount in favor of the defendant.

If this case does not come within the plain meaning and intent of section 309, in being both difficult and extraordinary, it is impossible, I apprehend, to conceive of any that will.

The motion must be granted. An order allowing the sum of $75, for extra costs, may be entered.